John & Susan Forsyth
9325 Sanford Drive
Austin, Texas 78748
(512) 923-0942



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN FORSYTH,<br>Plaintiff, | § § § | |
| v. | § § | CASE NO. A-10-CA-379-JRN |
| RESIDENTIAL CREDIT SOLUTIONS,<br>INC., MERS, and BAC HOME LOANS LP<br>And FV REO 1, LLC, | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS THIRD AMENDED COMPLAINT

Plaintiffs John and Susan Forsyth hereby, subject to the order of Judge James R. Nowlin, dated October 13, 2010, file this, their Third Amended Complaint.

Jurisdiction is conveyed to this Court pursuant to 15 U.S.C. §1692 et seq, 12 U.S.C. §2605(e)(1)(B)(e), Reg. X § 500.21(f)2 and 15 U.S.C. §41, et seq..

At all times the Plaintiffs were residents of Travis County, State of Texas

Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. is a credit lender or credit servicer and as such is governed under the law by the Title 12 of the U.S.Code, Regulation X and Title 15 of the U.S. Code. The Plaintiffs deny ever having any contractual agreement for credit loans or services relationship with the Defendant.

Defendant Mortgage Electronic Registration Systems, (MERS), is an electronic recording system and has represented itself as nominee for Wachovia Mortgage Corporation. MERS, by

representing itself as a creditor is governed under the same U.S. Code titles previously mentioned. MERS has executed an Assignment purporting to have a credit position in a Deed of Trust signed by Susan Forsyth, when in fact, MERS holds no equitable nor beneficial interest in the property and can not be a valid creditor nor can it assign an interest it does not hold.

BAC HOME LOANS LP, 450 American St. Simi Valley, CA 93063-6285 has submitted derogatory credit reports to credit reporting agencies. The derogatory credit reports are a duplication of RESIDENTIAL CREDIT SOLUTIONS derogatory reports. Both reports concern the same loan and payment. BAC is in violation of the Fair Credit Reporting Act.

Defendant FV REO 1, LLC, is an unknown entity to Plaintiffs, who have no information concerning it, other than it claims to be the current owner by way of a foreclosure sale conducted on September 7, 2010. Neither FV REO 1, LLC nor FRANKLIN VENTURES REO 1, LLC is registered to do business in the State of Texas and Plaintiffs have been unable to ascertain if FV REO is registered to business in any of the united States. FV REO 1, LLC can be served at 4282 North Freeway, Ft. Worth, Texas 76137.

The Plaintiffs deny ever having any contractual agreement for credit, loans or services relationship with the Defendants. Plaintiffs admit that they signed a note and deed of trust with Wachovia.

On December 30, 2009 a Qualified Written Request was delivered to Wachovia concerning Loan #7833427-00 from the Forsyths.[1] The request addressed issues of fraud, debt collection and validation, and unfair and deceptive trade practices. Wachovia did not respond.

Again on February 18, 2010, another, more thorough Qualified Written Request[2] was received by Wachovia concerning the same issues but with more detail. Wachovia did not respond.

---

[1] Exhibit 1 – Written request dated 12-29-2009, attached hereto and incorporated herein.

On March 8, 2010, and unknown to Plaintiffs at the time, MERS assigned the Deed of Trust to Residential Credit Solutions, and assumed the liabilities mentioned in the Qualified Written Request. Residential Credit did not cure the defects previously noticed by the Plaintiffs.

MERS holds the limited role of a nominee in Plaintiffs' Deed of Trust. A nominee is a "person designated to act in place of another, usually in a very limited way." or a "party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." Black's Law Dictionary 1149 (9th ed. 2009. The remaining, beneficial rights in the mortgage and note are vested solely in the lender Wachovia and its successors and assigns. By signing the Deed of Trust, Plaintiffs gave the Lender the rights that are stated in the Deed of Trust. No rights are issued to MERS or in favor of MERS.

An Assignment of Deed of Trust was signed by Jeffrey W. Gideon, as Vice President of Mortgage Electronic Registration System, Inc[3].. After recording, the instrument notes it is to be returned to Bishop, Payne, Harvard & Kaiteer, LLP, 1305 West Magnolia Avenue, Suite A, Fort Worth, Texas 76104.

On March 9, 2010, an Appointment of Substitute Trustee was executed by Residential Credit Solutions, Inc., which attests that Residential is the owner and holder of said indebtedness (a note signed by Susan E. Forsyth and husband John A. Forsyth), signed by Jeffrey W. Gideon as Vice President of Residential Credit.[4] This document, after recording, is to be returned to the law offices of Bishop, Payne, Harvard & Kaitcer, LLP.

---

[2] Exhibit 2 – Qualified Written Request/Recission Notice dated 02-16-2010, attached hereto and incorporated herein.
[3] Exhibit 3 – Assignment of Deed of Trust, attached hereto and incorporated herein.
[4] Exhibit 4 – Appointment of Substitute Trustee, attached hereto and incorporated herein.

3

On August 16, 2010, a Notice of Substitute Trustee's Sale was filed into the Travis County Records.[5]

A Substitute Trustee's Deed, signed by Juanita Strickland as Substitute Trustee showing an Execution date of September 7, 2010, was recorded in the Travis County Clerk's office and the document was returned to the law offices of Bishop Payne.

Plaintiffs would have this Court take judicial notice that the Substitute Trustee's Deed attests that FV REO 1, LLC is the owner and holder of the Note and that FV REO requested the Substitute Trustee sell the property in dispute. The Deed attests that a Foreclosure Affidavit is attached attesting to the facts.

The Deed goes on to state that the Property was sold by FV REO 1, LLC, to FV REO 1, LLC, as highest bidder, for and in consideration of the sum of $152,433.61.

A Foreclosure Affidavit[6] is attached to the Deed, ,and among other things, attests to the fact that the owner of the lien foreclosed gave proper notice of default and intent to accelerate. This document is signed by Timothy J. Harvard. The Texas State Bar lists Mr. Harvard as an attorney practicing at 1305 W. Magnolia, Suite A, Fort Worth, Texas 76104, the same address as the law offices of Bishop Payne.

On September 16, 2010, an Assignment of Deed of Trust from Residential, which claims to be the owner and holder of one certain promissory note dated March 9, 2006, to FV REO 1, LLC was signed by Jeffrey W. Gideon, Vice President.[7] This document notes that after recording, it is to be sent to Bishop Payne.

The recorded documents state:

---

[5] Exhibit 5 – Notice of Substitute Trustee's Sale, attached hereto and incorporated herein.
[6] Exhibit 6 – Foreclosure Affidavit, attached hereto and incorporated herein.
[7] Exhibit 7 – Assignment of Deed of Trust, attached hereto and incorporated herein.

4

1) that Wachovia was the lender, that MERS, as nominee for Wachovia, assigned its interest to Residential Credit, who filed documents claiming to be the owner and holder of the Promissory Note, and gave public notice, through Appointment of Substitute Trustee and Notice of Trustee's Sale, that Residential intended to execute a foreclosure sale.

2) that FV REO 1, LLC sold the property at the foreclosure sale and bought it back from itself for consideration, this transaction occurring on September 7, 2010, and on September 16, 2010, Residential, attesting that it is the owner and holder of one certain promissory note, transferred and assigned the note and liens against the property to FV REO 1, LLC, nine (9) days after FV REO bought and sold the property at a foreclosure sale.

3) that neither RESIDENTIAL nor FV REO complied with the conditions precedent to a non judicial foreclosure sale in the State of Texas.

Plaintiffs would have this Court take judicial notice that Jeffrey W. Gideon was the Vice President of MERS one day and the Vice President of Residential the next day. Plaintiffs believe this to be foreclosure mill fraud, a subject being addressed nationwide and the subject of a letter recently sent to lenders and law firms in Texas by the Texas Attorney General.[8]

Plaintiffs claim that Residential Credit never received any interest in the property, the note or deed of trust, as that interest was assigned by MERS, who held no equitable or beneficial interest to assign. Plaintiffs can furnish this Court with a plethora of cases which have ruled that MERS never holds interest in any property where it is listed as a beneficiary on a Deed of Trust, and can not convey any interest.

The fact that both BAC and RESIDENTIAL issued negative reports to the credit reporting bureaus[9] is a violation of 15 U.S.C. §1681s-2, Sec. 623.

---

[8] Exhibit 8 – Copy of letter from Texas Attorney General, attached hereto and incorporated herein.
[9] Exhibit 9 – Copies of credit reports of Susan Forsyth, attached hereto and incorporated herein.

5

RESIDENTIAL, BAC and FV REO are debt collectors pursuant to 15 U.S.C. §§1692a(5),(6). As debt collectors, they are prohibited from making false representations as to a debt's character, amount, or legal status. 15 U.S.C. §1692e(2)(A). Violations of the FDCPA are deemed to be unfair or deceptive acts or practices under the Federal Trade Commission Act, see §1692l.

The FDCPA provides that any debt collector who fails to comply with any provision of the Act with respect to any person is liable to such person. 15 U.S.C. §1692k(a).

Plaintiffs gave written notice on two occasions to the original lender, Wachovia, of the many violations of federal statutes. Wachovia never cured the RESPA and TILA defects, nor did it respond to the FDCPA and FCRA requests. When and if Residential assumed the interests of Wachovia, it also, by extension, assumed the liabilities. Since Plaintiffs did not have full knowledge or disclosure of the backroom shuffles between companies, Plaintiffs ask this Court to hold Residential, BAC and FV REO to the penalties and violations of the codes as if it was Wachovia.

Plaintiffs claim that Residential and FV REO conspired to deprive Plaintiffs of their home. They executed and filed faulty documentation in order to appear to be the holder and owner of a note signed by the Plaintiffs. Their authority to act as debt collectors was derived from MERS, who held no interest in the note or deed of trust, therefore, neither entity holds any interest, as it was gained by deceptive practices. Residential and FV REO acted with full knowledge and their conduct was intentional.

On October 8, 2010, Plaintiffs received a 3 day NOTICE TO VACATE.[10] Plaintiffs have responded with a conditional acceptance letter of dispute.[11]

---

[10] Exhibit 10 – Copy of Notice to Vacate letter, attached hereto and incorporated herein

## CAUSES OF ACTION CONCERNING MERS

In the Deed of Trust signed by the Forsyths, MERS asserts it is the beneficiary of the note and that it holds legal title only. It does not hold any beneficial or equitable interest in the note, or the Deed of Trust.

MERS executed an Assignment of Deed of Trust transferred and assigned, set over and delivered to RESIDENTIAL the Note, together with liens against said property, thus alleging itself to be the valid holder and owner of the note and deed of trust. It was not. MERS asserted itself to be a debt collector as that term is described in 15 U.S.C, §1692a. This misrepresentation is a violation of 15 U.S.C. §1692e(2)(A)(B), (10), (11), (13), §1692f (6).

## CAUSES OF ACTION CONCERNING RESIDENTIAL CREDIT SOLUTIONS

Defendant Residential asserted a debt was owed to it, in violation of §1692e(2)(A). Deceptive acts or practices under the Federal Trade Commission (FTC) 15 U.S.C. §41 et seq. enforced by FTC §1692l

After RESIDENTIAL allegedly assumed the note, by assignment from MERS, it did not, at any time, validate the debt pursuant to the terms and conditions of §809 of the FDCPA, resulting in a violation of the Act, 15 U.S.C.§1692j.(a)(b).

After RESIDENTIAL allegedly assumed the note, by assignment from MERS, it did not, at any time, address or attempt to cure the RESPA and TILA violations, a violation of 12 U.S.C. §2605(e)(1)(B)(e), Reg. X § 500.21(f)2,

When RESIDENTIAL executed documents for public notice, it designed, compiled and furnished forms which created the false belief that Plaintiffs owed a debt to RESIDENTIAL, a violation of FDCPA §812.

---

[11] Copy of Conditional Acceptance letter, attached hereto and incorporated herein.

RESIDENTIAL, whom Plaintiffs believe to be a servicing company, by asserting it was the owner and holder of the note, conspired to represent itself as a valid creditor in violation of provisions of the FDCPA, which is enforced pursuant to 15 U.S.C. §1692.

RESIDENTIAL, by reporting debt in duplicate to the credit reporting agencies was in violation of 15 U.S.C. §1692e.

### CAUSES OF ACTION CONCERNING FV REO 1, LLC

Defendant FV REO has asserted a debt was owed, in violation of §1692e(2)(A). Deceptive acts or practices under the Federal Trade Commission (FTC) 15 U.S.C. §41 et seq. enforced by FTC §1692l

When FV REO executed documents for public notice, it designed, compiled and furnished forms which created the false belief that Plaintiffs owed a debt to one or both of these entities, a violation of FDCPA §812.

### CAUSES OF ACTION CONCERNING BAC

BAC, by reporting debt in duplicate to the credit reporting agencies was in violation of 15 U.S.C. §1692e.

### CONCLUSION

Plaintiffs have shown that Defendants RESIDENTIAL and FV REO did, in fact, attempt to foreclose or have claimed to have foreclosed on Plaintiffs' real property with false claims or fraudulent authority.

Plaintiffs have shown that RESIDENTIAL and FV REO acted with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such an act is prohibited under FDCPA and are subject to civil penalties of up to $16, 000 per day. §§45(m)(1)(A), (C);

74 Fed. Reg. 858 (2009) (amending 16 CFR §1.98(d). Such violations make the debt collectors who fail to comply with any provision of the Act is liable to such person 15 U.S.C. §1692k(a).

Plaintiffs have alleged that no assignment was ever issued or recorded to a successor or assign by Wachovia, the only entity who could assign or transfer rights.

Therefore, all parties acting against the Plaintiffs are acting without authority and in violation of federal and Texas law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final hearing:

1. The Court find that each of the Defendants has incurred a civil liability, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to FDCPA §813;

2. Upon discovery of each of the violations of the FTCA, the Court award civil penalties for each and every violation of 15 U.S.C. §41, et seq;

3. Upon discovery of each of the violations of federal statutes, that the Court assess the amount of $1000 per violation;

4. Award all costs and reasonable attorney fees necessary to enforce and protect Plaintiffs' rights as against Defendants as provided herein; and

5. For all other relief in law or equity to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
John Forsyth

_____
Susan Forsyth

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the attached Plaintiffs' Third Amended Complaint was sent on October 20, 2010 by U. S. Postal Service to:

BISHOP, PAYNE, HARVARD & KAITCER, LLP
1305 West Magnolia, Suite A
Fort Worth, Texas 76104

*/s/ John Forsyth*