# EXHIBIT 1

**Susan Forsyth**

**9325 Sanford Dr.**

**Austin, TX 78748**

**Wachovia Mortgage Company**

**1100 Corporate Center Dr.**

**Raleigh, NC 27607-5066**

EH 512337831 US 853

Certified Mail #: ~~1609 0090 0001 4909 3884~~

Date: 12-29-2009

### REF: Loan # 7833427-00

Greetings:

In reference to the above numbered account, debtor has reason to believe and does believe that the contractual arrangement entered into between debtor and lender, was entered into under false pretenses and with a lack of full disclosure on the part of lender. Debtor has conducted an exhaustive investigation into the lending practices of lender and others involved in the instant contract. Said investigation had given debtor reason to believe that debtor has been defrauded by one or more of the following:

1. incomplete disclosure,

2. deliberate misinformation,

3. fraudulent inducement,

4. breach of contract,

5. breach of fiduciary duty,

6. RICO,

7. violation of the Truth in Lending Act ("TILA")

8. state unfair and deceptive practices statutes,

9. and possibly usury.

A preliminary examination of the documentation shows indications of fees charged for services not performed, improper fees charged, required notices not made, required documentation not within the guidelines required by consumer protection laws, escrow abuse, and more. At the current figures, debtor calculates the amount of fraud to be in excess of $80,000, which when proven could result in a judgment against real parties in interest in excess of $160,000. This current figure does not calculate the accrual of penalties for violations of the consumer protections laws which, in as much as the penalties accrue at consummation of the contract, could easily double the amount accessed to this point.

Therefore, until such time as the information requested herein is received and examined, debtor challenges the entire amount of said loan agreement. In order to conduct a complete audit,

RESPA REQUEST                    Page 1 of 9

review, and accounting of this mortgage account from its inception through the present date please provide all information requested below.

Lender may consider this letter as a "qualified written request" under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm Leach Bliley Act.  Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until lender has responded to each of the requests and has made corrections to any irregularities debtor indicates after examination of the information presented.

In order that debtor may accurately access the accuracy of the information now in possession of debtor and to secure more complete evidence that may counter and explain the apparently incriminating evidence now in the possession of debtor, please provide complete copies of all the information herein requested in accordance with the following instructions:

1.  Please, do not attempt to contact debtor by phone or by any other informal method. Please make all communications in an accepted official and verifiable manner, in writing.

2.  For each record kept on computer or in any other electronic file or format, please provide a paper certified or verified copy of all information in each field or record in each computer system, program or database used by lender that contains any information on this account number or debtor's name.

3.  As such, please provide, at the address above, copies of the documents requested below as soon as possible.

## CEASE ALL COLLECTION PROCEDURES

In as much as debtor has reason to believe violations of applicable law may have occurred which would render the instant agreement void, until such time as the information herein requested is produced and evaluated, requestor challenges the instant contract in it's entirety and demands that respondent conduct itself in accordance with The Real Estate Settlement Procedures Act and stop all collections and refrain from making any reports to any and all credit reporting agencies.

## STANDING TO ENFORCE CONTRACT

Requestor, in order to establish that the current standing of the servicer of the above account has standing to bring any issue concerning collection under the above referenced account, requestor demands a complete, un-redacted, copy of the following:

4.  The security instrument which contains the promise to pay the amount claimed in the account, to include any direct endorsements added to said instrument after creation by borrower and any alonges which may be associated with said security instrument.

5.  Please identify where the originals of this entire account file are currently located.

6.  Please identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that has been assigned the mortgage servicing rights to this account as well as any beneficial interest to the payments of principal and interest on this loan.

7.  Please list all investors [as defined in lender industry] who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this

mortgage to the present date and identify the name and address of each and every individual, entity, organization and/or trust.

8. Please identify the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

9. Please provide copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

10. If part of a mortgage pool, please provide the principal balance used by lender to determine payment for this individual mortgage loan.

11. If part of a mortgage pool, please provide the percentage paid by lender of the principal balance above used to determine purchase of this individual mortgage loan.

12. Please identify the person or entity to which the current real party in interest issued a check or payment to for the purchase of this mortgage loan?

13. Please provide copies of the front and back of the canceled check used to purchase the security from any real party in interest by the entity now standing as the current real party in interest.

14. If the entity now purporting to hold a claim against the property is an agent for the real party in interest, please provide the name and contact information for the real party in interest.

15. Please provide evidence that HUD assigned or transferred foreclosure rights to lender as required by 12 USC 3754?

16. Please identify, to include contact information for all persons with authority to act in the place of the real party in interest concerning the account.

17. For each of the above, please provide contact information for every person whose signature appears on any document requested.

## TRUSTEE

In as much as a trustee has been appointed to act as a neutral party in matters concerning the instant contractual arrangement, in order that requestor may determine the status of said trustee, please provide the following:

18. A copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust and any Note in this matter.

19. Please send to the requester a copy of all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust and any Note.

20. Please advise debtor of any relationship between trustee and lender.

21. If any trustee is an attorney, please include contact information and evidence of good standing with the bar association of the every state in which the attorney is authorized to practice law, and/or do business.

22. Please send to the requester a copy of document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust and any Note. Please also include assignments or transfers or nominees of any substitute trustee(s).

23. Please send to the requester a copy of document(s) establishing any Grantor for this Mortgage/Deed of Trust and any Note.

24. Please send to the requester a copy of document(s) establishing any Grantee for this Mortgage/Deed of Trust and any Note.

25. Please send to the requester a copy of document(s) establishing any Beneficiary for this Mortgage/Deed of Trust and any Note.

26. Please send to the requester any documentation evidencing the Mortgage or Deed of trust is not a constructive trust or any other form of trust.

## COMPLETE ACCOUNTING

In order that requestor may accurately assess the propriety of all funds demanded by creditor, please provide requestor with the following:

27. In order that requestor my narrow the scope of any subsequent requests, for records collected, assembled, and/or maintained by lender concerning the instant account, please provide a complete listing of said records maintained by any entity over which lender may have records, relevant to the instant account, in its actual or constructive control, to include (but not limited to) the following;

    a.  the method of storage for each record;

    b.  the name or designation of each record kept;

    c.  the scope and substantive content of each record kept;

    d.  the most efficient method of making each record available for inspection if other than printed format.

28. As it relates to the account, please provide all data, information, notations, text, figures and information contained in lender mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPRequestor system, or any other similar mortgage servicing software used by lender, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

29. Descriptions and legends of all Codes used in lender mortgage servicing and accounting system.

30. All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by debtor to this obligation in this account from the inception of this account to the present date including, but not limited to, any such assignments on MERS.

31. For all transfers, allonges, or other documents evidencing a transfer or sale of this mortgage, please provide the name and contact information (to include a current mailing address) for each person who signed any document authorizing said transfer or sale.

32. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument, or servicing rights to this mortgage including any such assignments on MERS.

33. All deeds in lieu, modifications to this mortgage, monetary instruments or deed(s) of trust from the inception of this account to the present date.

34. The front and back of each and every security instrument, to include but not limited to, canceled check, money order, draft, debit or credit notice issued to any servicers of this

account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

35. All escrow analyses conducted by lender or any regulatory agency, on this account from the inception of this account until the date of this letter;

36. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, broker fees, etc.

37. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made on the instant account.

38. All letters, statements and documents sent to by agents, attorneys or representatives of creditor;

39. All letters, statements and documents contained in this account file or imaged by lender and any servicers or sub-servicers of this mortgage from the inception of this account to present date.

40. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

41. Please provide any IRS 1099a forms filed relating to the account.

## PROPERTY INSPECTION

42. In order to determine the propriety of all fees assessed to the instant account, please provide complete records concerning property inspections, to include but not limited to the following:

    a. copies of all property inspection reports, appraisals, BPOs and reports done on the property;

    b. invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date concerning property inspection;

    c. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

In order that requester may determine that the lender has implemented and maintained an accounting system sufficient to insure against mistake or error, please provide the following:

43. The standing policy of the lender concerning the practices and procedures to be used by its brokers, loan officers, and other employees to endure good faith and fair dealings with the public.   .

44. A list of all persons terminated from the lender's employment as a result of work related misconduct, for a period beginning on the date the instant account was created and ending on the date of this request.  (In the interest of protecting the privacy of the

individuals involved, you may identify the individuals by first name and middle initial only.)

45. A complete explanation of the audit procedures in place to insure against violations of standing law and company policies.

46. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date?

47. Please identify each account, accounting, and servicing system used by lender and any sub-servicers or previous servicers from the inception of this account to the present date so that this experts can decipher the data provided.

48. For each account, accounting, and servicing system identified by lender and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system;

49. For each account, accounting, and servicing system used by lender and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## ESCROW

As escrow accounts, historically, have been a fertile field for fraud, please provide all the following concerning any and all escrow accounts related to the instant account:

50. Complete esctow instructions;

51. Please stipulate the manner in which the amount required to be kept in escrow is calculated;

52. A complete, plain language explanation of each disbursement to include:

    a.   to whom the disbursement was made;

    b.   the date of the disbursement;

    c.   the reason for said disbursement.

## SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

53. Please list any suspense or unapplied account transactions on this account from the inception of this account until present date.

54. Please explain the reason for each and every suspense transaction that occurred on this account.

## PROPERTY INSPECTIONS

55. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection, please provide the following:

56. Please detail and list in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

57. Please identify in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement requestor signed that authorized the assessment or collection of property inspection fees?

58. Please forward to me copies of all property inspections made on the instant property in this mortgage account file.

59. Please disclose any fee charged or assessed for property inspections which have been placed into escrow for the instant account.

## BPO FEES

60. Please disclose any BPOs [Broker Price Opinions] conducted on the instant property along with

    a.  the date of each inspection;

    b.  the price of each;

    c.  the name and contact information of the person who conducted each BPO;

    d.  why the BPO(s) were conducted;

    e.  any and all fees charged or assessed for A BPO been placed into escrow

61. Please specify the lender policy on BPOs.

62. Please specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement requestor have executed allows lender to assess, charge or collect a BPO fee from me.

## FORCED-PLACED INSURANCE

For each and every forced-placed insurance policy placed on the instant property, please provide the following:

63. the date of each policy ordered or placed on the property that is the secured interest for this mortgage, deed or note;

64. the price of each policy;

65. the agent for each policy;

66. why each policy was placed on the instant property;

67. lender policy on forced-placed insurance;

68. records of any forced-placed insurance fees assessed to this mortgage or escrow account;

69. for each separate fee, specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement requestor has executed allows lender to assess, charge or collect such forced-placed insurance fee;

70. the nature of any relationship with the agent or agency that placed any policies on the instant property;

71. the nature of any relationship between the carrier that issued any policies on the instant property and the lender;

72. for any policy where the beneficiary is not the borrower, please stipulae the authority to force place said policy.

73. the name of the agency or carrier lender used to place a forced-placed insurance policy on the instant property to include a description of any service provided to lender, computer system, discount on policies, commissions, rebates or any form of consideration;

74. Any blanket insurance policy to protect lender properties when customer policies have expired;

75. Copies of all forced-placed insurance policies that have been ordered on the instant property;

## CONCLUSION

Please provide the above in a timely manner and requestor considers the need for the above to be urgent. In the event any deletions or redactions to any records occur, please provide the scope and substantive content of the records omitted from this request and the specific authority for the withholding of the requested information.

Until such time as the information requested herein is provided, requestor disputes the validity of lender's lawful ownership, funding, entitlement right, and the current debt lender allege. By debt requestor is referring to the principal balance lender claim requestor owes; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by lender or any trust or entity lender may service or subservice for.

Requestor also requests that lender kindly conduct lender's own investigation and audit of this account since its inception to validate the debt lender currently claims requestor owes and assure that all pertinent laws relating to the lending profession have been followed to include the following:

76. Please validate this debt with an affirmed and verified certification that all fees claimed or collected in connection with the contract establishing the instant debt,

   a. are accurate in accordance with the terms of said contract and the now existing law;

   b. that all fees accessed are fees for actual service performed and no Rodash type fees were accessed without full disclosure and explanation to borrower;

   c. that no fees were paid for referrals, or upselling, to any person not authorized to receive such payments;

   d. that all notifications and explanations required by law were properly and timely made to debtor;

   e. that the appraisal used by the lender is a true and accurate appraisal and has not been manipulated in any way;

     f.   that no improper practices were used to manipulate the accounting in order to falsely present the borrower as qualified for a loan that was beyond the means to pay of the borrower;

     g.   that all monies collected from borrower have been properly and timely posted to the account of borrower;

     h.   that all persons with a fiduciary duty to borrower have acted with the highest of integrity and in good faith and fair dealings with borrower.

77. Please, also, validate that the borrower was not subjected to any improper practices or pressures by either the broker or and representative of the lender that would violate any of the consumer protection laws.

In as much as borrower had reason to believe the instant contract was induced by predatory lending practices and fraud by non-disclosure, borrower demands that, in the event lender is unable to demonstrate that no laws pertaining to the instant contract have been violated, that lender rescind the entire contract and return all monies paid by borrower in return for value due lender.

Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq.

Respectfully,

Susan E. Forsyth



UNITED STATES
POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: EH51 2337 831U S
Status: **Delivered**

Your item was delivered at 7:54 am on December 30, 2009 in FORT
WORTH, TX 76137. The item was signed for by A WHEELER.

Additional information for this item is stored in files offline.



**Track & Confirm**

Enter Label/Receipt Number.



( Restore Offline Details > )    ( Return to USPS.com Home > )

## Notification Options

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.  

Site Map | Customer Service | Forms | Gov't Services | Careers | Privacy Policy | Terms of Use | Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT 2

**SUSAN FORSYTH**

**9325 SANFORD DRIVE**

**AUSTIN, TX 78748**

Wachovia Mortgage Company

1100 Corporate Center Drive

Certified Mail #: _7009 2820 0004 03907128_ Date: _02-16-2010_

**Ref: 7833427-00**

**I.       QUALIFIED WRITTEN REQUEST / RESCISSION NOTICE**

Greetings:

In reference to the above numbered account, debtor has reason to believe and does believe that the contractual agreement entered into between debtor and lender, was entered into under false pretenses and with a lack of full disclosure on the part of lender.  It is believed by debtor that lender failed to properly disclose information in violation of various consumer protection laws and that lender has attached costs to debtor which amount fraud and possibly usury to the detriment of debtor.   Therefore, debtor challenges the entire amount of the debt from the beginning and until such time as lender complies with the Real Estate Settlement Procedures Act and provides sufficient discovery to satisfy debtor that no improprieties have occurred and that debtor has not been unlawfully treated.

Lender may consider this letter as a ''qualified written request'' under the Real Estate Settlement Procedures Act, 12 U. S. C.   Section 2605(e) and Regulation X at 24 C. F. R.   3500, and The

**Qualified Written Request**                                                                        **1 of 17**

Gramm Leach Bliley Act. Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until lender has responded to each of the requests and has made corrections to any irregularities debtor indicates after examination of the information presented.

## II.        INSTRUCTIONS

In order that debtor may access the accuracy of information now in possession of debtor and to secure more complete evidence that may dispel or explain debtor's concerns, please provide complete discovery of all the information herein requested in accordance with the following instructions:

1. Please, do not attempt to contact debtor by phone or by any other informal method.

2. Please make all communications in an accepted official and verifiable manner, either:

    a. by letter;

    b. by email; or

    c. by fax.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by lender that contains any information on this account number or debtor's name.

As such, please provide, at the address above, copies of the documents requested below, with a verified testament to the voracity and correctness of all information provided, as soon as possible.

## III.        PRODUCTION OF DOCUMENTS

The following documents are required to be produced by lender to debtor under various consumer protection laws, but are either missing from debtor's records or incomplete. For each item requested, please provide a complete, legible copy.

## IV.        NOTICES REQUIRED

A number of notices are required by various consumer protection laws.  Please provide a copy of each notice the lender is required to provide to the borrower either signed or initialed by borrower and dated so to show that the notice was timely provided.

Please provide a copy of the following:

1.  loan application (HUD 1003);

2.  all Good Faith Estimates prepared for borrower;

3.  the Truth In Lending Statement;

4.  settlement statement (HUD1)

5.  promissory note (to include a stipulation as to where the Federal Trade Commission Holder Rule warning may be found in said document);

6.  all notices required to be presented to borrower, showing either the signature or initials and also the date of said signature or initial as proof said disclosure was timely presented to debtor.

## V.        VARIANCE BETWEEN TILA AND NOTE

On comparing the amount of principal and interest on the agreement by debtor to pay and the amount assessed on the Truth in Lending Statement, there is a variance.  On comparison of the two, debtor has discovered that, if debtor pays the full amounts listed in the Truth in Lending Statement, debtor will over pay in an amount of $55,622.19.  Please fully explain and document the reasons for the difference between the amount debtor should be paying and the amount assessed to debtor.

## VI.        FINANCE CHARGES

For each item with an amount in the table below, please provide the name of the recipient, an itemized billing form recipient detailing the services rendered, and a copy of the disbursement to recipient.

| 801 | Loan Origination Fee 0.00% | | $1,350.00 |
| 803 | Appraisal Fee        to | | $350.00 |
| 805 | Funding and Review fee | | $430.00 |
| 807 | | 0 | $78.00 |
| 808 | Processing Fee | | $500.00 |
| 811 | Administrative Fee | | $450.00 |
| 901 | Interest from      to      @      /day (      days) | | $491.04 |
| 1001 | Hazard insurance   months @ $ per month | | $906.96 |
| 1004 | County Impounds for 6 months @ $303.69 per Month  - Wachovia Mortgage | | $1,822.14 |
| 1101 | Settlement or closing fee | | $325.00 |
| 1105 | Document Prep Fees - Black, Mann & Graham, LLP | | $150.00 |
| 1107 | Attorney Fees | | $50.00 |
| 1108 | Title Insurance | | $712.25 |
| 1111 | Endorsement Fee | | $128.00 |
| 1112 | Tax Certificate payable to Natioinal Tax Net | | $59.75 |
| 1201 | Recording fees:  Deed $0.00; Mortgage $0.00; Releases $0.00 | | $64.00 |
| 1303 | Travis County Taxes for 2005 | | $3,923.98 |
| 1304 | Dues for Tanglewood Oaks | | $144.00 |

Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws. Therefore, please provide;

1. a complete billing from each vendor who provided the above listed services;

2. the complete contact information for each vendor who provided a billed service;

3. clear stipulate as to the specific service preformed;

4. a showing that said service was necessary;

5. a showing that the cost of said service is reasonable;

6. a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

The above charges are, hereby, disputed and unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be on overpayment of $107,669.44. This amount will be reduced by the amount of items above when said items are fully documented

## VII.    RESPA PENALTIES

From a cursory examination of the records, with the few available, the number of apparent RESPA violations are as follows:

1. Good Fait Estimate not within limits

2. No Hud1 Booklet

3. Truth In Lending Statement not within limits compared to note

4. Truth in Lending Statement not timely presented

5. Hud1 not presented at least one day before closing

6. No Holder Rule Notice in Note

7. No 1st Payment Letter

**Qualified Written Request**

8.  No signed and dated

   a.  Financial Privacy Act Disclosure

   b.  Equal Credit Reporting Act Disclosure

   c.  notice of right to receive appraisal report

   d.  servicing disclosure statement

   e.  borrower's Certification of Authorization

   f.  notice of credit score

   g.  RESPA servicing disclosure letter

   h.  loan discount fee disclosure

   i.  business insurance company arrangement disclosure

   j.  notice of right to rescind

The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the act was intended to insure strict compliance. And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

Since the courts have held that the penalty for a violation of RESPA, the violation accrues at consummation of the note, therefore, borrower has calculated that the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, an amount of $24,523.15.

If the violation for each of the unsupported fees listed above are included, the amount the borrower would be defrauded of is $384,644.37. For a total, with the unsupported fees added and the TILA/Note variance added, shows that lender intended to defraud borrower in the amount of $872,704.92.

## VIII.   STANDING TO ENFORCE CONTRACT

Requestor, in order to establish that the current servicer of the above account has standing to raise any issue concerning collection under the above referenced account, requestor demands a complete, un-redacted, copy of the following:

1.  The security instrument which contains

    a.  the date and signature of debtor;

    b.  the promise to pay the amount claimed in the account,

    c.  all direct endorsements added to said instrument after creation by borrower, and

    d.  any allonges which may be associated with said security instrument.

2.  Please identify the master record holder of this account file.

3.  Please identify, by name and current contact information, each and every person or entity who has received a financial benefit from the monies paid by debtor related to the instant account, to include, but not limited to the following:

    a.  every individual, entity, party, bank, trust organization or servicer that has been assigned the mortgage servicing rights to this account

    b.  every person or entity who is currently receiving or who has ever received a beneficial interest from the payments of principal and interest on this loan.

    c.  all investors [as defined in the lender industry] who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date;

    d.  the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above;

    e.  provide contact information for each person or entity reference by the preceding entry.

4. Please provide copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

5. If part of a mortgage pool, please provide the principal balance used by lender to determine payment for this individual mortgage loan.

6. If part of a mortgage pool, please provide the percentage paid by lender of the principal balance above used to determine purchase of this individual mortgage loan.

7. Please identify the person or entity to which the current real party in interest issued a check or payment to for the purchase of this mortgage loan?

8. Please provide copies of the front and back of the canceled check used to purchase the security from any real party in interest by the entity now standing as the current real party in interest.

9. If the entity now purporting to hold a claim against the property is an agent for the real party in interest, please provide the name and contact information for the real party in interest.

10. Please provide evidence that the department of Housing and Urban Development (HUD) assigned or transferred foreclosure rights to lender as required by 12 USC 3754?

11. Please identify, to include contact information for all persons with authority to act in the place of the real party in interest concerning the account.

12. For each of the above, please provide contact information for every person whose signature appears on any document requested.

## IX.   TRUSTEE

In as much as a trustee has been appointed to act as a neutral party in matters concerning the instant contractual arrangement, in order that requestor may determine the status of said trustee, please provide the following:

1. A copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust and any Note in this matter, to include but not limited to  a copy

of all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust and any Note.

2. Please advise debtor of any relationship between trustee and lender.

3. If any trustee is an attorney, please include:

   a. contact information and

   b. evidence of good standing with the bar association of the every state in which the attorney claims to be authorized to practice law, and/or do business, and

   c. the license to practice law for those states that require such license.

4. Please send to the requester a copy of document(s) establishing the date of any appointment of Trustee, Mortgage/Deed of Trust, and any Note.

5. Please provide any and all assignments, transfers, nominees, or any substitute trustee(s).

6. Please send to the requester a copy of document(s) establishing any Grantor for this Mortgage/Deed of Trust and any Note.

7. Please send to the requester a copy of document(s) establishing any Grantee for this Mortgage/Deed of Trust and any Note.

8. Please send to the requester a copy of document(s) establishing any Beneficiary for this Mortgage/Deed of Trust and any Note.

9. Please send to the requester documentation evidencing the precisely what type of trust the Mortgage or Deed of trust is intended to establish.

## X.      COMPLETE ACCOUNTING

In order that requestor may accurately assess the propriety of all funds demanded by creditor, please provide requestor with the following:

1. In order that requestor my narrow the scope of any subsequent requests, for records collected, assembled, and/or maintained by lender concerning the instant account, please provide a complete listing of said records maintained by any entity over which lender may have records, relevant to the instant account, in its actual or constructive control, to include (but not limited to) the following;

    a.   the method of storage for each record;

    b.   the name or designation of each record kept;

    c.   the scope and substantive content of each record kept;

    d.   the most efficient method of making each record available for inspection if other than printed format.

2.   As it relates to the account, please provide all data, information, notations, text, figures and information contained in lender mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPRequestor system, or any other similar mortgage servicing software used by lender, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

3.   Descriptions and legends of all Codes used in lender mortgage servicing and accounting system.

4.   All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by debtor to this obligation in this account from the inception of this account to the present date including, but not limited to, any such assignments on MERS.

5.   For all transfers, allonges, or other documents evidencing a transfer or sale of this mortgage, please provide the name and contact information (to include a current mailing address) for each person who signed any document authorizing said transfer or sale.

6.   All records, electronic or otherwise, of assignments of this mortgage, monetary instrument, or servicing rights to this mortgage including any such assignments on MERS.

7.   All deeds in lieu, modifications to this mortgage, monetary instruments or deed(s) of trust from the inception of this account to the present date.

8.   The front and back of each and every security instrument, to include but not limited to, canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

9. All escrow analyses conducted by lender or any regulatory agency, on this account from the inception of this account until the date of this letter;

10. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, broker fees, etc.

11. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made on the instant account.

12. All letters, statements and documents sent to by agents, attorneys or representatives of creditor;

13. All letters, statements and documents contained in this account file or imaged by lender and any servicers or sub-servicers of this mortgage from the inception of this account to present date.

14. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

15. Please provide any IRS 1099a forms filed relating to the account.

In the event that lender considers any of the above requests to be burdensome or overbroad, please provide explanation and suggestions that will allow debtor to narrow the scope of the instant request so as to avoid unnecessary inconvenience in compliance with the disclosure provisions of all relevant disclosure requirements.

## XI.   ACCOUNTING & SERVICING SYSTEMS

In order that requester may determine that the lender has implemented and maintained an accounting system sufficient to insure against mistake or error, please provide the following:

1. The standing policy of the lender concerning the practices and procedures to be used by its brokers, loan officers, and other employees to endure good faith and fair dealings with the public.

2. A list of all persons terminated from the lender's employment as a result of work related misconduct, for a period beginning on the date the instant account was created and ending on the date of this request. (In the interest of protecting the privacy of the individuals involved, you may identify the individuals by first name and middle initial only. )

3. A complete explanation of the audit procedures in place to insure against violations of standing law and company policies.

4. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date?

5. Please identify each account, accounting, and servicing system used by lender and any sub-servicers or previous servicers from the inception of this account to the present date so that this experts can decipher the data provided.

6. For each account, accounting, and servicing system identified by lender and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system;

7. For each account, accounting, and servicing system used by lender and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## XII.    ESCROW

As escrow accounts, historically, have been a fertile field for fraud, please provide all the following concerning any and all escrow accounts related to the instant account:

1. Complete escrow instructions;

2. Please stipulate the manner in which the amount required to be kept in escrow is calculated;

3.  A complete, plain language explanation of each disbursement to include:

    a.  to whom the disbursement was made;

    b.  the date of the disbursement;

    c.  the reason for said disbursement.

### XIII.    SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1.  Please list any suspense or unapplied account transactions on this account from the inception of this account until present date.

2.  Please explain the reason for each and every suspense transaction that occurred on this account.

### XIV.    PROPERTY INSPECTIONS

For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection, please provide the following:

1.  Please detail and list in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

2.  Please identify in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement requestor signed that authorized the assessment or collection of property inspection fees?

3.  Please forward to me copies of all property inspections made on the instant property in this mortgage account file.

4.  Please disclose any fee charged or assessed for property inspections which have been placed into escrow for the instant account.

## XV.        BPO FEES

1. Please disclose any BPOs [Broker Price Opinions] conducted on the instant property for which a fee was charged to debtor, along with:

    a. the date of each inspection;

    b. the price of each;

    c. the name and contact information of the person who conducted each BPO;

    d. why the BPO(s) were conducted;

    e. any and all fees charged or assessed for A BPO been placed into escrow

2. Please specify the lender policy on BPOs.

3. Please specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement requestor have executed allows lender to assess, charge or collect a BPO fee from me.

## XVI.        FORCED-PLACED INSURANCE

For each and every forced-placed insurance policy placed on the instant property, please provide the following:

1. the date of each policy ordered or placed on the property that is the secured interest for this mortgage, deed or note;

2. the price of each policy;

3. the agent for each policy;

4. why each policy was placed on the instant property;

5. lender policy on forced-placed insurance;

6. records of any forced-placed insurance fees assessed to this mortgage or escrow account;

7. for each separate fee, specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement requestor has executed allows lender to assess, charge or collect such forced-placed insurance fee;

8. the nature of any relationship with the agent or agency that placed any policies on the instant property;

9. the nature of any relationship between the carrier that issued any policies on the instant property and the lender;

10. for any policy where the beneficiary is not the borrower, please stipulate the authority to force place said policy.

11. the name of the agency or carrier lender used to place a forced-placed insurance policy on the instant property to include a description of any service provided to lender, computer system, discount on policies, commissions, rebates or any form of consideration;

12. Any blanket insurance policy to protect lender properties when customer policies have expired;

13. Copies of all forced-placed insurance policies that have been ordered on the instant property.

## XVII.   AFFIRMATIONS

Please validate this debt with an affirmed and verified certification of the following:

1. that all fees claimed or collected in connection with the above referenced contract establishing the instant debt:

   a. are fair, reasonable, and in keeping with all laws, rules and regulations relevant to same;

   Affirmed _____

   b. are accurate in accordance with the terms of said contract and the now existing law;

   Affirmed _____

2. that all fees accessed are:

   a. fees for actual service performed, and

   Affirmed _____

    b.  no Rodash type fees were accessed without full disclosure and explanation to borrower;

        Affirmed _____

3.  that no fees were paid for referrals, or up-selling, to any person not authorized to receive such payments;

    Affirmed _____

4.  that all notifications and explanations required by law were properly and timely made to debtor;

    Affirmed _____

5.  that the appraisal used by the lender is a true and accurate appraisal and has not been manipulated in any way;

    Affirmed _____

6.  that no improper practices were used to manipulate the accounting in order to falsely present the borrower as qualified for a loan that was beyond the means to pay of the borrower;

    Affirmed _____

7.  that all monies collected from borrower have been properly and timely posted to the account of borrower;

    Affirmed _____

8.  that all persons with a fiduciary duty to borrower have acted with the highest of integrity and in good faith and fair dealings with borrower.

    Affirmed _____

9.  that the borrower was not subjected to any improper practices or pressures by either the broker or and representative of the lender that would violate any of the consumer protection laws.

## XVIII.    DEBTOR DISPUTES ALL DEBT

Please provide the above in a timely manner and requestor considers the need for the above to be urgent.  In the event any deletions or redactions to any records occur, please provide the scope and substantive content of the records omitted from this request and the specific authority for the withholding of the requested information.

Until such time as the information requested herein is provided, requestor disputes the validity of lender's lawful ownership, funding, entitlement right, and the current debt lender allege.   By debt requestor is referring to the principal balance lender claim requestor owes; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by lender or any trust or entity lender may service or subservice for.

## XIX.    RESCISSION

In as much as borrower has reason to believe the instant contract was induced by predatory lending practices, fraudulent inducement, and fraud by non-disclosure, in the event lender is unable prove up the propriety of all fees collected and that none of the fees were, in fact, disguised commissions paid to the broker, borrower demands that lender rescind the entire contract and return all monies paid by borrower in return for value due lender, by, on, or before the 60th day after receipt of this document.

## XX.    QUALIFIED WRITTEN REQUEST

Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg.   X § 3500.   21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U. S. C.   § 1601, et seq.

**Respectfully,**

*Susan Forsyth*

**SUSAN  FORSYTH**

SPS - Track & Confirm                                   http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

 **UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7009 2820 0004 0390 7128
Status: **Delivered**

Your item was delivered at 9:07 am on February 18, 2010 in FORT
WORTH, TX 76137. A proof of delivery record may be available through
your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )     ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go> )

---

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

10/14/2010 3:44 ]

# EXHIBIT 3

# ASSIGNMENT OF DEED OF TRUST

**THE STATE OF TEXAS**

**COUNTY OF TRAVIS**

TRF          2010042563

2 PGS

KNOW ALL MEN BY THESE PRESENTS:

That Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation acting herein by and through a duly authorized officer, the owner and holder of one certain promissory note dated March 9, 2006, in the original principal balance of $135,000.00, executed by Susan E. Forsyth and Husband, John A. Forsyth, payable to the order of Wachovia Mortgage Corporation, and secured by a Deed of Trust even date therewith to Christopher D. Davies, Trustee, which was filed for record on March 24, 2006, under Instrument No. 2006053365, Deed Records of TRAVIS County, Texas, on the following described lot, or parcel of land situated in the County of TRAVIS, State of Texas, to wit:

> LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

For the consideration of the sum of Ten Dollars ($10), and other good, valuable and sufficient consideration paid, the receipt of which is hereby acknowledged, does hereby transfer and assign, set over and deliver unto **RESIDENTIAL CREDIT SOLUTIONS, INC.** the above described Note, together with the liens against said property securing the payment thereof, and all title held by the undersigned in and to said land.

TO HAVE AND TO HOLD unto said Grantee said above described Note, together with all and singular the lien, rights, equities, title and estate in said real estate above described securing the payment thereof, or otherwise.

Executed this _8th_ day of _March_, 2010.

Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation

By: _____

Printed Name: _JEFFREY D. GFDEON_

Title: _VICE President_

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy

P. MACHADO

STATE OF _Texas_

COUNTY OF _Tarrant_


     **BEFORE ME,** the undersigned authority, a Notary Public in and for the State of _Texas_ on this day personally appeared _Jeffry W. Giden_, _Vice President_ of **Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation** known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

     **GIVEN UNDER MY HAND AND SEAL OF OFFICE** on this the _8th_ day of _March_ 2010.


_____
Notary Public in and for the State of _TX_



**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

2010 Mar 29 04:15 PM   2010042563
HAYWOODK $20.00
DANA DeBEAUVOIR COUNTY CLERK
TRAVIS COUNTY TEXAS

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

Upon Recordation Return To:
Attention: Lisa Koenig
Bishop, Payne, Harvard & Kaltcer, LLP
1305 West Magnolia Avenue, Suite A
Fort Worth, Texas 76104

Tharvard/rcs/forsyth.106720.91/assignment.1-29-10/lk

# EXHIBIT 4

### APPOINTMENT OF SUBSTITUTE TRUSTEE

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |



APT SUB T 2010042675

2 PGS

   **WHEREAS,** heretofore on **MARCH 9, 2006, SUSAN E. FORSYTH AND HUSBAND, JOHN A. FORSYTH,** executed a Note in the amount of **$135,000.00,** payable to the order of **WACHOVIA MORTGAGE CORPORATION,** which indebtedness is secured by a Deed of Trust of even date therewith, executed by said mortgagors to **CHRISTOPHER D. DAVIES,** Trustee, covering the following described property, to-wit:

> LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

which Deed of Trust is recorded under Instrument No. 2006053365, the Real Property Records of said County; and

   **WHEREAS,** the present owner and holder of said indebtedness and the lien securing the same, **RESIDENTIAL CREDIT SOLUTIONS, INC.,** is desirous of appointing a Substitute Trustee in lieu of the Trustee named in said Deed of Trust, as specifically authorized by the provisions of said Deed of Trust.

   **NOW, THEREFORE, RESIDENTIAL CREDIT SOLUTIONS, INC.,** as owner and holder of the above-described Note and lien securing the same, pursuant to the provisions of said Deed of Trust, does hereby remove, without cause **CHRISTOPHER D. DAVIES,** as Trustee under the terms of the Deed of Trust, and does hereby appoint **TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA,** as Substitute Trustee, and said Substitute Trustee shall and does hereby become vested with and succeed to all of the title, power, and duties conferred upon the Trustee in said Deed of Trust the same as if said Substitute Trustee had been named as the original Trustee in said instrument.

   **EXECUTED** this _9_ day of _March_ , A.D., 2010.

RESIDENTIAL CREDIT SOLUTIONS, INC.

By: _____
Printed Name: Jeffrey W. Gideon
Title: Vice President

| | |
|---|---|
| THE STATE OF _Texas_ | § |
| | § |
| COUNTY OF _Tarrant_ | § |

   **BEFORE ME,** the undersigned authority, a Notary Public in and for the State of _Texas_, on this day personally appeared _Jeffrey W. Gideon_ , _Vice President_ of **RESIDENTIAL CREDIT SOLUTIONS, INC.,** known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same is the act and deed of said corporation, and that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

   **GIVEN UNDER MY HAND AND SEAL OF OFFICE** on this the _10th_ day of _March_ , 2010.

_____
Notary Public in and for the State of _TX_



SHAUN DENISE RIVERS
My Commission Expires
May 27, 2013

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy:

**P. MACHADO**

UPON RECORDATION, PLEASE RETURN TO:
ATTENTION: LISA KOENIG
BISHOP, PAYNE, HARVARD & KAITCER, L.L.P.
1305 W. MAGNOLIA AVE., SUITE A
FORT WORTH, TEXAS 76104

Tharvant/rcs/forsyth.106720.91/Appointment.3-3-10/dr

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

2010 Mar 30 09:47 AM   2010042675

PEREZTA $20.00

DANA DEBEAUVOIR COUNTY CLERK

TRAVIS COUNTY TEXAS

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy:

P. MACHADO

# EXHIBIT 5



TRV     201046067
2 PGS

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**STAYS IN FILE**

THE STATE OF TEXAS       ]

                          ]      **KNOW ALL MEN BY THESE PRESENTS:**

COUNTY OF TRAVIS       ]

WHEREAS, by that certain Deed of Trust dated MARCH 9, 2006, executed by SUSAN E. FORSYTH AND HUSBAND, JOHN A. FORSYTH (the "Grantor"), to CHRISTOPHER D. DAVIES (the "Trustee"), recorded under Instrument No. 2006053365, the REAL PROPERTY Records, TRAVIS County, Texas, reference to which is hereby made for all purposes, Grantor conveyed to the Trustee that certain real property hereinafter described, ("the Property"), which Deed of Trust secures the payment of that certain $135,000.00 promissory note ("the Note") therein described; and

WHEREAS, the undersigned has been appointed Substitute Trustee in the place of the Trustee in the manner authorized by said Deed of Trust; and

WHEREAS, RESIDENTIAL CREDIT SOLUTIONS, INC., whose address is  4282 North Freeway, Ft. Worth, Texas 76137, is the duly authorized mortgage Servicer pursuant to a written agreement for RESIDENTIAL CREDIT SOLUTIONS, INC., the Mortgagee, whose address is 4282 North Freeway, Ft. Worth, Texas 76137; and

WHEREAS, default has occurred under the terms of the Note and Deed of Trust, and the entire unpaid principal balance and all accrued but unpaid interest owing under the Note has been accelerated and is now wholly due, and the owner and holder of the Note has requested the undersigned to sell the Property in accordance with Section 51.002 of the Texas Property Code and the terms of the Deed of Trust, in order to satisfy the indebtedness evidenced by the Note and secured by the Deed of Trust.

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that on Tuesday, SEPTEMBER 7, 2010, that being the first Tuesday of said month, between 1:00 o'clock P.M. and three (3) hours thereafter, the undersigned will sell the Property at THE REAR "SALLYPORT" OF THE COUNTY COURTHOUSE LOCATED ON THE WEST SIDE OF THE COURTHOUSE IMMEDIATELY SOUTH OF AND SLIGHTLY EAST OF THE INTERSECTION OF 11TH STREET AND SAN ANTONIO STREET, OR AS OTHERWISE DESIGNATED BY THE COUNTY COMMISSIONERS' COURT OF TRAVIS COUNTY, TEXAS, the area designated by the Commissioner's Court where such sales are to take place. The Property will be sold to the highest bidder for cash.

The Real Property is described as follows:

LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

EXECUTED as of AUGUST 16, 2010.

_Juanita Strickland_

TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND
AND/OR JANIE MUCHA, Substitute Trustee
1305 W. Magnolia Ave., Suite A, Ft. Worth, Texas 76104

**OCT 19 2010**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears on file in my office. Witness may hand and seal of office on.

Dana DeBeauvoir, County Clerk
By Deputy:  _MACHADO_

Tharvard/rca/forsyth.106720.91/nos 8-11-10/fk

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Aug.18, 2010  03:13 PM   201045067

FERGUSONLL: $3.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears on file in my office.
Witness may hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:

P. MACHADO

TRV       2010151021
4 PGS



NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SUBSTITUTE TRUSTEE'S DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | ¦ | |
| | ¦ | **KNOW ALL MEN BY THESE PRESENTS:** |
| COUNTY OF TRAVIS | ¦ | |

WHEREAS,  by that certain Deed of Trust dated MARCH 9, 2006,  executed by SUSAN E. FORSYTH AND HUSBAND, JOHN A. FORSYTH (the "Grantor"),  to CHRISTOPHER D. DAVIES (the "Trustee"),  recorded under Instrument No. 2006053365, the REAL PROPERTY Records,  TRAVIS County, Texas,  reference to which is hereby made for all purposes,  Grantor conveyed to the Trustee that certain real property hereinafter described as:

> LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

(hereinafter "the Property"),  which Deed of Trust secures the payment of that certain $135,000.00,  promissory note ("the Note") therein described; and

WHEREAS,  TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA (the "Substitute Trustee") was appointed Substitute Trustee in place of original Trustee in the manner authorized by said Deed of Trust,  by that certain Appointment of Substitute Trustee document recorded in the REAL PROPERTY Records of TRAVIS County,  Texas; and

WHEREAS,  default having occurred under the terms of the Note,  the entire unpaid principal balance and all accrued but unpaid interest owing under the Note thereon was accelerated and is now wholly due,  and FV REO I, LLC, the owner and holder of the Note,  requested the Substitute Trustee to sell the Property in accordance with Section 51.002 of the Texas Property Code and the terms of the Deed of Trust,  in order to satisfy the indebtedness evidenced by the Note;  and

WHEREAS,  from the Foreclosure Affidavit set forth as Exhibit "A" attached hereto and incorporated herein by reference,  it appears that the beneficiary under the Deed of Trust and the holder of the indebtedness gave proper notice of default and intent to accelerate to the obligor(s) and an opportunity to cure at least twenty (20) days prior to acceleration in accordance with Section 51.002(d) of the Texas Property Code,  and that the beneficiaries under the Deed of Trust and holders of the indebtedness served notice of acceleration and of Substitute Trustee's sale at least twenty-one (21) days prior to the sale date in accordance with Section 51.002(b) of Texas Property Code; and

WHEREAS,  from the Foreclosure Affidavit set forth as Exhibit "A",  it appears that written notice of the time, place and terms of the public sale of the Property was posted at the Courthouse at the proper location designated for posting such notices at least twenty-one (21) days preceding the date of the sale in accordance with Section 51.002(b) of the Texas Property Code; and

WHEREAS,  pursuant to said request and to the provisions of said Deed of Trust,  the subject sale was conducted at public auction,  at the location designated for such sales at the Courthouse of TRAVIS County, Texas,  no earlier than 1:00 o'clock P.M. as set forth in the Notice of Sale and concluded within three (3) hours thereafter,  on Tuesday,  SEPTEMBER 7, 2010,  after having given public notice of the time,  place and terms of such sale, as prescribed by the terms of said Deed of Trust,  and after first posting written notice thereof for at least twenty-one (21) days (three consecutive weeks) preceding the day of sale at the Courthouse of said County at the proper location designated for posting such notices,  (and at two other public places in said County if such was appropriate; and

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

WHEREAS, at such sale, the Property was sold to FV REO I, LLC ("the Grantee"), whose address is 4282 North Freeway, Ft. Worth, Texas 76137, it being the highest bidder, for and in consideration of the sum of $152,433.61; and

WHEREAS, all prerequisites to the sale which are required by law and/or the Deed of Trust have, prior to such sale, been duly satisfied by the beneficiaries therein and/or by the Substitute Trustee.

NOW, THEREFORE, for and in consideration of the premises and of the payment to me of the consideration recited herein by the Grantee, the receipt and sufficiency of which are hereby acknowledged, I, TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, Substitute Trustee by virtue of the authority conferred upon me in writing by the beneficiaries of the Deed of Trust, have GRANTED, SOLD, AND CONVEYED, and by these presents do hereby GRANT, SELL, AND CONVEY, the Property unto the Grantee, its successors and assigns.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the Grantee, its successors and assigns, forever; and I, TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, Substitute Trustee, do hereby bind the Grantor, his heirs and assigns, to warrant and forever defend the Property, insofar as authorized by the Deed of Trust, unto the Grantee, its successors and assigns, forever, against any persons claiming or to claim the same, or any part thereof.

EXECUTED as of SEPTEMBER 7, 2010.

_Juanita Strickland_
TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, Substitute Trustee

THE STATE OF TEXAS          |
                            |
COUNTY OF TRAVIS            |

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on SEPTEMBER 7, 2010.

_Angela Carter_
NOTARY PUBLIC, The State of Texas

Printed Name:_____

My Commission Expires:_____


ANGELA CARTER
Notary Public, State of Texas
My Commission Expires
January 06, 2012

AFTER RECORDATION, RETURN TO:
ATTENTION: LISA KOENIG
BISHOP, PAYNE, HARVARD & KAITCER, L.L.P.
1305 WEST MAGNOLIA AVE., SUITE A
FORT WORTH, TEXAS 76104

OCT 19 2010

I, Dana DeBeauvoir, County Clerk Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO