# EXHIBIT 6

## FORECLOSURE AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ] |
| | ]   KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TRAVIS | ] |

BEFORE ME, the undersigned authority, on this day personally appeared TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, known to me to be the person whose name is subscribed hereto, and who, after being by me first duly sworn, deposes and states as follows:

1. Affiant is personally familiar with the facts related herein.

2. This Affidavit concerns the foreclosure of the Deed of Trust dated MARCH 9, 2006, recorded in the REAL PROPERTY Records, TRAVIS County, Texas, executed by SUSAN E. FORSYTH AND HUSBAND, JOHN A. FORSYTH to CHRISTOPHER D. DAVIES, Trustee, for the benefit of MERS, as nominee for WACHOVIA MORTGAGE CORP.

Reference is hereby made to that certain Substitute Trustee's Deed dated SEPTEMBER 7, 2010, recorded simultaneously herewith in the REAL PROPERTY Records, TRAVIS County, Texas, covering the following described property:

LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

executed by TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, Substitute Trustee, to FV REO I, LLC, and said Grantee(s) named herein is/are currently in possession of said property, which is more commonly known as 9325 SANFORD DRIVE, AUSTIN, TEXAS 78748.

This Affidavit is particularly made with regard to said foreclosure to state:

(a) That the owner of the lien foreclosed gave proper notice of default and intent to accelerate to the obligor(s) and an opportunity to cure of at least twenty days prior to acceleration, in accordance with Section 51.002(d) of the Texas Property Code;

(b) That proper notice of acceleration was given to the obligor(s);

(c) That the indebtedness secured by the Deed of Trust foreclosed did not mature more than four years prior to the date of foreclosure;

(d) That, to the best of Affiant's knowledge, the owner(s) of the said property at the time of the Substitute Trustee's sale, was/were alive on said date and at the time of foreclosure, and that nine (9) months prior thereto, said named person(s) was/were not in the armed services of the United States of America;

EXHIBIT "A" - PAGE 1 OF 2

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

(e) That the owner(s) of the property at the time of foreclosure and all previous debtors under the Deed of Trust foreclosed (if any other debtors) was/were served with written notice of foreclosure sale at least twenty-one days prior to the sale date, in accordance with Section 51.002(b) of the Texas Property Code;

(f) That a copy of the Substitute Trustee's Notice of Sale giving written notice designating the County in which the property was to be sold, the area at the Courthouse where the sale was to take place, and stating the earliest time at which the sale would occur was i) posted at the courthouse at the proper location designated for posting such notices in each County in which the property was located; and ii) was filed in the office of the County Clerk of the County in which the sale was made, at least 21 days prior to the sale date, in accordance with Article 51.002(b) of the Texas Property Code as amended; and

(g) That the property was sold at public auction at THE REAR "SALLYPORT" OF THE COUNTY COURTHOUSE LOCATED ON THE WEST SIDE OF THE COURTHOUSE IMMEDIATELY SOUTH OF AND SLIGHTLY EAST OF THE INTERSECTION OF 11th STREET AND SAN ANTONIO STREET, OR AS OTHERWISE DESIGNATED BY THE COUNTY COMMISSIONERS' COURT OF TRAVIS COUNTY, TEXAS, at the hour of 1:00 o'clock P.M., or within three (3) hours thereafter, on Tuesday, SEPTEMBER 7, 2010.

TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA / Substitute Trustee

SUBSCRIBED AND SWORN TO BEFORE ME by the said TIMOTHY J. HARVARD AND/OR JUANITA STRICKLAND AND/OR JANIE MUCHA, on SEPTEMBER 1, 2010, to certify which witness my hand and seal of office.
14th


LISA KOENIG
MY COMMISSION EXPIRES
May 3, 2013

NOTARY PUBLIC, The State of Texas

Printed Name:_____

My Commission Expires:_____

EXHIBIT "A" - PAGE 2 OF 2

Tharvard/rcs/forsyth.106720.91/std.9-3-10/lk

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir

Oct 12, 2010  10:14 AM   2010151021
SCOTTR: $28.00
Dana DeBeauvoir, County Clerk
Travis County   TEXAS

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
Dana DeBeauvoir, County Clerk
By Deputy MACHADO

EXHIBIT 7

TRV    2010140382
2 PGS

# ASSIGNMENT OF DEED OF TRUST

**THE STATE OF TEXAS**

**COUNTY OF TRAVIS**

    KNOW ALL MEN BY THESE PRESENTS:

That **RESIDENTIAL CREDIT SOLUTIONS, INC.** acting herein by and through a duly authorized officer, the owner and holder of one certain promissory note dated March 9, 2006, in the original principal balance of $135,000.00, executed by Susan E. Forsyth and Husband, John A. Forsyth, payable to the order of Wachovia Mortgage Corporation, and secured by a Deed of Trust even date therewith to Christopher D. Davies, Trustee, which was filed for record on March 24, 2006, under Instrument No. 2006053365, Deed Records of TRAVIS County, Texas, on the following described lot, or parcel of land situated in the County of TRAVIS, State of Texas, to wit:

    LOT 4, BLOCK E, CHERRY CREEK, SECTION 14, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 95, PAGE 48-51, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS

For the consideration of the sum of Ten Dollars ($10), and other good, valuable and sufficient consideration paid, the receipt of which is hereby acknowledged, does hereby transfer and assign, set over and deliver unto **FV REO I, LLC** the above described Note, together with the liens against said property securing the payment thereof, and all title held by the undersigned in and to said land.

    TO HAVE AND TO HOLD unto said Grantee said above described Note, together with all and singular the lien, rights, equities, title and estate in said real estate above described securing the payment thereof, or otherwise.

    Executed this _16_ day of _September_, 2010.

RESIDENTIAL CREDIT SOLUTIONS, INC.

By: _Jeffrey W. Gideon_
Printed Name: _Jeffrey W. Gideon_
Title: _Vice President_

OCT 19 2010



I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

STATE OF __Texas__

COUNTY OF __Tarrant__

    BEFORE ME, the undersigned authority, a Notary Public in and for the State of __TX__, on this day personally appeared __Jeffrey W. Gideon__, __Vice President__ of **RESIDENTIAL CREDIT SOLUTIONS, INC.** known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the __16__ day of __Sept.__ 2010.

_Amy McQueen_
Notary Public in and for the State of __TX__

> AMY MCQUEEN
> Notary Public, State of Texas
> My Commission Expires
> August 28, 2012

Upon Recordation Return To:
Attention: Lisa Koenig
Bishop, Payne, Harvard & Kaitcer, LLP
1305 West Magnolia Avenue, Suite A
Fort Worth, Texas 76104

Tharvard/rcs/forsyth.106720.91/assignment.to FVREOI.9-3-10/lk

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

_Dana DeBeauvoir_

OCT 19 2010

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on
Dana DeBeauvoir, County Clerk
By Deputy: P. MACHADO

Sep 23, 2010  11:23 AM   2010140382
BARTHOLOMEWD: $20.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

# EXHIBIT 8



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

October 4, 2010

Ms. Janis Allen
Senior Vice President, Assistant General Counsel
Bank of America
400 Countrywide Way
Simi Valley California 93065

    RE:   Bank of America Foreclosures in Texas

Dear Ms. Allen:

    Recent troubling developments about the veracity of claims made on documents used by Ally Financial, Inc. in its foreclosure filings have led to an inquiry by our office as to the full harm Texas homeowners have suffered.

    We know that you are aware of the issues raised when Ally Financial, Inc. announced that it was suspending foreclosures on certain properties in 23 states. Bank of America subsequently announced a similar move, again in the 23 "judicial foreclosure" states, apparently because you discovered that you had the same issue with certain of your employees, referred to as "robosigners." They had engaged in practices concerning the execution of documents which were used in foreclosures, among which were these:

- Signing thousands of documents per month
- Signing documents without reading them
- Signing affidavits which falsely claim personal knowledge of facts
- Signing affidavits which falsely claim the affiant reviewed the attached documents
- Notarizing documents prior to signing by the signer
- Notarizing documents when the signer was not present before the notary
- Filing documents with records attached that did not correctly reflect loan payments, charges and advances

    We are aware that Bank of America services a significant number of mortgage loans in the State of Texas. It is likely that affidavits and other documents, such as assignments of deeds of trust and appointments of substitute trustees, with the issues described, above may have been used in connection with foreclosures in the State of Texas. Regardless of whether the foreclosure was a nonjudicial one or a judicial one in connection with a home equity loan, home equity line of credit or reverse mortgage, if any of the practices described above were utilized in establishing Bank of America's authority to conduct the sale or obtain a court order for a sale, such use would have been a violation of Section 17.46(a) of the Texas Deceptive Trade Practices Act; Section 392.304, Texas Debt Collection Act; Section 37.02, Texas Penal Code; Section 12.001, Texas Property Code; Section 406.009, Texas Government Code; Texas Constitution Article 16,



## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

October 4, 2010

Ms. Janis Allen
Senior Vice President, Assistant General Counsel
Bank of America
400 Countrywide Way
Simi Valley California 93065

RE: Bank of America Foreclosures in Texas

Dear Ms. Allen:

Recent troubling developments about the veracity of claims made on documents used by Ally Financial, Inc. in its foreclosure filings have led to an inquiry by our office as to the full harm Texas homeowners have suffered.

We know that you are aware of the issues raised when Ally Financial, Inc. announced that it was suspending foreclosures on certain properties in 23 states. Bank of America subsequently announced a similar move, again in the 23 "judicial foreclosure" states, apparently because you discovered that you had the same issue with certain of your employees, referred to as "robosigners." They had engaged in practices concerning the execution of documents which were used in foreclosures, among which were these:

- Signing thousands of documents per month
- Signing documents without reading them
- Signing affidavits which falsely claim personal knowledge of facts
- Signing affidavits which falsely claim the affiant reviewed the attached documents
- Notarizing documents prior to signing by the signer
- Notarizing documents when the signer was not present before the notary
- Filing documents with records attached that did not correctly reflect loan payments, charges and advances

We are aware that Bank of America services a significant number of mortgage loans in the State of Texas. It is likely that affidavits and other documents, such as assignments of deeds of trust and appointments of substitute trustees, with the issues described, above may have been used in connection with foreclosures in the State of Texas. Regardless of whether the foreclosure was a nonjudicial one or a judicial one in connection with a home equity loan, home equity line of credit or reverse mortgage, if any of the practices described above were utilized in establishing Bank of America's authority to conduct the sale or obtain a court order for a sale, such use would have been a violation of Section 17.46(a) of the Texas Deceptive Trade Practices Act; Section 392.304, Texas Debt Collection Act; Section 37.02, Texas Penal Code; Section 12.001, Texas Property Code; Section 406.009, Texas Government Code; Texas Constitution Article 16,

Bank of America
October 4, 2010
Page 2


Section 50; and/or Rule 736(1), Texas Rules of Civil Procedure, and the document and therefore the foreclosure sale would have been invalid.

The State of Texas hereby demands that in the State of Texas, Bank of America immediately suspend all foreclosures, all sales of properties previously foreclosed upon, and all evictions of persons residing in previously foreclosed upon properties, until Bank of America has done the following:

1. Identify all Bank of America employees or agents who "robosigned," as described above, affidavits and other documents which were recorded in the State of Texas;

2. Identify all foreclosures in the State of Texas in connection with which an affidavit or other document with the characteristics listed above was used as part of the foreclosure process;

3. Describe the measures taken by Bank of America to ensure that affidavits and other documents are executed in compliance with Texas law;

4. Describe the measures taken by Bank of America to comply with the Servicemembers Civil Relief Act in connection with foreclosures;

5. Identify all other loan servicers and/or MERS for whom the above described employees or agents signed affidavits;

6. Provide assurances that all Bank of America foreclosures of properties in the State of Texas which relied upon documents with the characteristics described above will be rectified and the procedures by which they will be rectified;

7. Provide assurances that all future Bank of America foreclosures of properties in the State of Texas will be done with legally correct documentation; and

8. Identify all Bank of America employees or agents who are or who signed as officers of other non-related entities.

Please provide your response on or before October 15, 2010.

Sincerely,

Paul D. Carmona
Chief, Consumer Protection and
Public Health Division

# EXHIBIT 9



**X Close window**

**Online Personal Credit Report from Experian for**

| | |
|---|---|
| Experian credit report prepared for | Index: |
| **SUSAN FORSYTH** | - Contact us |
| Your report number is | - Potentially negative items |
| 2282-5725-04 | - Accounts in good standing |
| Report date: | - Requests for your credit history |
| 08/18/2010 | - Personal information |
| | - Important message from Experian |
| | - Know your rights |

Print report

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us                                                                                              back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

## Potentially Negative Items or items for further review                                                   back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12

| Address:<br>PO BOX 64378<br>SAINT PAUL, MN 55164<br>(888) 735-0516 | Account Number:<br>23409298 | Original Creditor:<br>SETON HEATHCARE |
|---|---|---|

Address Identification Number:
0254613831

Status: **Paid,Closed.**

| Date Opened:<br>06/2006 | Type:<br>**Collection** | Credit Limit/Original Amount:<br>**$200** |
|---|---|---|
| Reported Since:<br>08/2006 | Terms:<br>**1 Months** | High Balance:<br>**NA** |
| Date of Status:<br>08/2006 | Monthly Payment:<br>**$0** | Recent Balance:<br>**NA** |
| Last Reported:<br>08/2006 | Responsibility:<br>**Individual** | Recent Payment:<br>**NA** |

Account History:
**Collection as of Aug 2006**


**RESIDENTIAL CREDIT SLTNS**

| Address:<br>4282 NORTH FWY<br>FORT WORTH, TX 76137<br>*No phone number available* | Account Number:<br>100014....<br>Mortgage Id:<br>100013700078334271 | |
|---|---|---|

Address Identification Number:
0254613831

Status: **Foreclosure proceedings started. $20,410 past due as of Jul 2010.**   Status Details: **This account is scheduled to continue on record until Apr 2016.**

| Date Opened:<br>03/2006 | Type:<br>**Mortgage** | Credit Limit/Original Amount:<br>**$135,000** |
|---|---|---|
| Reported Since:<br>10/2009 | Terms:<br>**30 Years** | High Balance:<br>**NA** |
| Date of Status:<br>07/2010 | Monthly Payment:<br>**$1,419** | Recent Balance:<br>**$141,808 as of 07/2010** |
| Last Reported:<br>07/2010 | Responsibility:<br>**Individual** | Recent Payment:<br>**$0** |

Creditor's Statement: **Foreclosure proceedings started.**

Account History:
**Foreclosure proceedings started as of Jul 2010**
**180 days past due as of Feb 2010 to Jul 2010**

Balance History:
06/2010  $140,989
05/2010  $140,223
04/2010  $139,403
03/2010  $138,635
02/2010  $137,760

The original amount of this account was $135,000


## Accounts in Good Standing                                                        back to top

bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit Items

For your protection, the last few digits of your account numbers do not display.

**BAC HOME LOANS/COUNTRYWIDE**
Address:
450 AMERICAN ST # SV416
SIMI VALLEY, CA 93065
(800) 669-6607

Account Number:
13515....

Address Identification Number:
0254613831

Status: Transferred,closed.

| Date Opened: | Type: | Credit Limit/Original Amount: |
| 03/2006 | Mortgage | $135,000 |
| Reported Since: | Terms: | High Balance: |
| 07/2006 | 30 Years | NA |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 11/2009 | $0 | NA |
| Last Reported: | Responsibility: | Recent Payment: |
| 11/2009 | Individual | NA |

Creditor's Statement: Account transferred to another lender.

Account History:
120 days past due as of Oct 2009, Sep 2009
90 days past due as of Aug 2009, Jul 2009
60 days past due as of Jul 2008 to Jun 2009, May 2008, Aug 2007, Jun 2007, Apr 2007, Feb 2007, Dec 2006, Oct 2006
30 days past due as of Jun 2008, Apr 2008, Dec 2007 to Feb 2008, Jul 2007, May 2007, Mar 2007, Jan 2007, Nov 2006, Sep 2006

Balance History:
10/2009  $130,617
09/2009  $130,746
08/2009  $130,746
07/2009  $130,874
06/2009  $130,874
05/2009  $131,002
04/2009  $131,128
03/2009  $131,254
02/2009  $131,379
01/2009  $131,503
12/2008  $131,626
11/2008  $131,749
10/2008  $131,871
09/2008  $131,992
08/2008  $132,113

The original amount of this account was $135,000


**IC SYSTEMS**

# EXHIBIT 10

LAW OFFICES OF
# BISHOP, PAYNE, HARVARD & KAITCER, L.L.P.
1305 W. MAGNOLIA AVENUE, SUITE A
FORT WORTH, TEXAS 76104-4345
TELEPHONE (817) 335-4911
TELECOPY (817) 870-2631
email tharvard@bishoppayne.com
jlong@bishoppayne.com

TIMOTHY J. HARVARD

JOY L. LONG
Paralegal

October 8, 2010

CMRRR # 7008 1830 0000 2471 6773
& FIRST-CLASS MAIL
SUSAN E. FORSYTH
9325 SANFORD DRIVE
AUSTIN, TEXAS 78748

FIRST-CLASS MAIL
OCCUPANT
9325 SANFORD DRIVE
AUSTIN, TEXAS 78748

Re:   NOTICE TO VACATE
      Loan # 1000147725; 9325 SANFORD DRIVE, AUSTIN, TEXAS 78748

Dear Sir or Madam:

On behalf of FV REO I, LLC, its successors or assigns ("FV REO"), we hereby demand that within three (3) days from your receipt of this letter, you and all other occupants vacate the above-referenced property. This notice is given pursuant to §24.005 of the Texas Property Code and 7 U.S.C. 701, et seq.

After the expiration of three (3) days from your receipt of this letter, if you fail to vacate the premises, an action in forcible detainer will be commenced against you and all other occupants for your failure to vacate the premises. In such action, we will seek a judgment for possession, which will be enforced by a Writ of Possession, if necessary.

Notwithstanding the foregoing, pursuant to the Protecting Tenants at Foreclosure Act ("**Protecting Tenants Act**"), if you are a tenant under a lease entered into on or before 21 days prior to the noticed foreclosure sale, then you may qualify for relief under the Protecting Tenants Act which extends the period you and all other occupants are given to vacate from three (3) days to a minimum of ninety (90) days from your receipt of this letter. If you believe you qualify as a "bona fide tenant" please contact our office within six (6) days from the date of this letter. A bona fide tenant has:

(a) a landlord who is someone other than the child, spouse or parent of any tenant occupying the property;
(b) a lease which is a fair market exchange, between landlord and tenant, where neither are influenced by duress or harmful action, and parties are not related or affiliated; and
(c) rent that is not substantially less than fair market rent for the property.

If you believe you are a bona fide tenant and fail to notify the undersigned within six (6) days from the date of this letter, then our office will file the forcible detainer action against you and all other occupants in the same manner as a person who fails to qualify as a bona fide tenant.

Please be further advised that this firm has been retained by **FV REO** with regard to this matter. Accordingly, any telephone calls or correspondence should be directed to the attention of the undersigned.

Under the terms of the Deed of Trust securing such property, **FV REO**, as purchaser of the above-referenced property, is entitled to immediate possession of the property upon the expiration of three (3) days, unless deemed a bona fide tenant. In the event that you or any other person or persons holding possession of the property fails to vacate the premises at such time, you and any other such person or persons shall be a tenant at sufferance and may be removed by a Writ of Possession, following the entry of a Judgment in a Forcible Detainer action.

Very truly yours,

*(signature)*
Timothy J. Harvard

TJH/jl
F:\EVICTIONS\SINGLE SOURCE\Forsyth, Susan106712.25\Notice to Vacate.doc

# EXHIBIT 11

1.           15 U.S.C. §41, et seq;

From: Susan Forsyth
    9325 Sanford Drive
    Austin, Texas 78748
    October 14, 2010

To:  Bishop, Payne, Harvard & Kaitcer, LLP
    1305 W. Magnolia Avenue, Suite A
    Fort Worth, Texas 76104-4345
    Fax (817) 870-2631

RE: NOTICE TO VACATE: DATED October 8, 2010
CONCERNING FV REO I, LLC

**CONDITIONAL ACCEPTANCE**

   I am aware of your above referenced notice (see attachment 1). In said notice you appear to be making the following claims/legal determinations:

1. That the subject property, i.e. 9325 Sanford Drive, Austin Texas has been duly sold by me.
2. That the subject property has been duly sold by foreclosing my interest in the property.
3. That I was delinquent on my payments and that I owed the foreclosing bank money.
4. That the subject property title, under the sale, has been duly perfected in the name of FV REO 1, LLC.
5. That FV REO 1, LLC had the capacity to make legal determinations.
6. That FV REO 1, LLC had the capacity to sue and be sued.
7. That there is a rule, regulation, code, or contract that you are willing to swear under penalty of perjury that applies to me that creates an obligation on my part to deliver up possession of the property to FV REO 1, LLC.
8. That there is a rule, regulation, code or contract that you are willing to swear under penalty of perjury that applies to me that makes it mandatory that I deliver up possession of the property to FV REO 1, LLC within three days after being served with the above referenced notice.
9. That FV REO 1, LLC paid money for the property it allegedly sold to FV REO 1, LLC.
10. That the trustee who sold the property to FV REO 1, LLC had the authority to sell the property.
11. That the trustee who sold the property was authorized to do so by the note holder.
12. That should I fail to deliver up the property that I have an obligation to pay legal fees and reasonable rental values for the period in which I occupy the property and costs of suit.
13. That FV REO 1, LLC holds clear title conveyed to it by the note holder.
14. That FV REO 1, LLC guarantees that it has engaged in due diligence to make certain that all note holders of the promissory note signed by Susan Forsyth have been paid in full for their investment.

15. That MERS had the legal authority to assign an equitable and beneficial interest in my property to another entity.
16. That a verification and validation of debt, conversant with the Fair Debt Collection Practices Act was made before the foreclosure sale, as requested.
17. That FV REO 1, LLC is now the owner of the house.
18. That FV REO 1, LLC had received an Assignment of Deed of Trust from Residential Credit Solutions, Inc. prior to the "foreclosure" on September 7, 2010.
19. That FV REO 1, LLC gave notice of a trustee's sale.
20. That FV REO 1, LLC appointed a substitute trustee at least 21 days prior to the sale.

I am willing to accept your claims as true upon your filling out the attached Attorney Questionnaire so that I know who is making legal determinations for FV REO 1, LLC after foreclosure sale by FV REO 1, LLC and by what authority he does so, and proof of your claims. I am demanding that you provide such proof in the form of an affidavit, signed under your full commercial liability that you know that each claim is true of your own certain knowledge.

I will give you the same three days you offered me to return the attached Attorney Questionnaire and your Affidavit.

Failure to return the Attorney Questionnaire and the Affidavit within three days of receipt of this notice will be your admission:

1. That the subject property, i.e., 9325 Sanford Drive, Austin, Texas has not been duly sold by me.
2. That the subject property has not been duly sold by foreclosing my interest in the property.
3. That I was not delinquent on my payments and that I did not owe the foreclosing bank money.
4. That the subject property title, under the sale, has not been duly perfected in the name of FV REO 1, LLC.
5. That FV REO 1, LLC does not have the capacity to make legal determinations.
6. That FV REO 1, LLC does not have the capacity to sue or be sued.
7. That there is no rule, regulation, code, or contract that you are willing to swear under penalty of perjury that applies to me that creates an obligation on my part to deliver up possession of the property to FV REO 1, LLC.
8. That there is no rule, regulation, code or contract that you are willing to swear under penalty of perjury that applies to me that makes it mandatory that I deliver up possession of the property to FV REO 1, LLC within three days after being served with the above referenced note.
9. That neither Residential Credit Solutions nor FV REO 1, LLC paid money for the property in order to initiate a foreclosure sale.
10. That the trustee who sold the property to FV REO 1, LLC did not have the authority to sell the property.
11. That the trustee who sold the property did not do so at the behest of the note holder.
12. That even if I should fail to deliver up the property, that I have no obligation to pay legal fees and reasonable rental values for the period in which I occupy the property and costs of suit.

13. That FV REO 1, LLC does not hold good and clear title conveyed to him it by the note holder.
14. That FV REO 1, LLC did not engage in due diligence to determine that any or all of the note holders of the promissory note signed by Susan Forsyth have been paid.
15. That MERS did not have legal authority to assign a beneficial or equitable interest to another.
16. That no verification or validation of debt, conversant with the Fair Debt Collection Practices Act was made before the foreclosure sale, as requested.
17. That the September 7, 2010 foreclosure sale was held in violation of 15 U.S.C. § 1692 et seq and that your firm has now assumed the liability for said violations.

Failure to provide the filled out Attorney Questionnaire and the mandated Affidavit, or request an extension of time to do so within the three days after receipt of this notice, i.e. Monday, October 19, 2010, will be deemed your agreement that I have no further obligation under your referenced notice.

Please send your written response to me at the address noted above.

Date: October 13, 2010

*Susan Forsyth*
Susan Forsyth